## ZELOTES LUMBARD *vs.* CHARLES STEARNS.

An act of the legislature, by which certain persons were incorporated as an aque duct company, for the purpose of supplying a village with pure water, with authority to take springs, lands and rights, and subject to the payment of damages therefor as provided by law in the case of land taken for highways, is not unconstitutional, on the alleged ground, that it authorizes the taking of private rights of property for a use which is not public; although it contains no express provision requiring the corporation to supply, on reasonable terms, all persons applying for water.

If an aqueduct corporation, established for the purpose of supplying a village with pure water, should undertake, capriciously and oppressively, to enhance the value of certain estates by furnishing them with a supply of water, and depreciate that of others by refusing it to them, such conduct would be a plain abuse of their franchise.

THE facts of this case, which was a bill in equity for an injunction, are stated in the opinion of the court.

*R. A. Chapman* and *W. G. Bates*, for the plaintiff.

*H. Morris*, for the defendant.

SHAW, C. J. This ·bill was originally brought by the plaintiff as an owner of mills on the lower part of Town brook, in Springfield, against the defendant Stearns, alleging that by means of an aqueduct, on his own land, he had diverted some portion of the water of two springs, being some of the sources of said brook, and thereby diminished the plaintiff's water power. Whilst this bill was pending and before answer filed, an act was passed by the legislature on the 10th of May, 1848, (*St.* 1848, *c.* 303,) entitled " An act to incorporate the Springfield Aqueduct Company."

This act authorized the taking of the springs before mentioned of Stearns, by purchase, and with certain other springs, the laying of an aqueduct for the purpose, expressed in the act, of supplying the village of Springfield with pure water. The act contains the provisions usual in such acts, for forming a company and raising a capital; for taking springs and lands, paying all damages; for digging up roads and ways; providing hydrants; for a gratuitous supply of water, in case of fire; a penalty for corrupting the water; and vesting certain superintending powers in the board of health of Springfield, and the county commissioners of Hampden, respectively. After the passage of this act, a supplemental bill was filed, making the aqueduct company a party, and insisting on the same grounds against them, as stated in the original bill.

It is contended, that this act is unconstitutional and void, because it in effect authorizes the corporation to take private rights of property for a use which is not a public one, and, therefore, not within the authority of the legislature, even though provision is therein made for a compensation for any such damage. It may be very questionable, whether the plaintiff, taking the use of the brook for a mill power, does not take it subject to the reasonable use of all proprietors above, in or near whose premises it passes, for domestic purposes, for such ordinary trades as require the use of water, such as tanning, bleaching, dyeing, and the like, and also for the extinguishment of fires. If such be the right of the inhabitants to the use of the water, it may be a question,

whether it is a greater encroachment on the plaintiff's rights, to take water by conduits and hydrants, than by buckets and engines. But as this right may involve a question of fact, which this case has not reached, in its present stage, we lay no stress on this consideration, but merely suggest it in passing.

But we can perceive no ground, on which to sustain the argument, that this act does not declare a public use. It is so expressed in its title, and in the first enacting clause, and the entire act is conformable to this view. The supply of a large number of inhabitants with pure water is a public purpose. But it is urged, as an objection to the constitutionality of the act, that there is no express provision therein requiring the corporation to supply all families and persons who should apply for water, on reasonable terms; that they may act capriciously and oppressively; and that by furnishing some houses and lots, and refusing a supply to others, they may thus give a value to some lots, and deny it to others. This would be a plain abuse of their franchise. By accepting the act of incorporation, they undertake to do all the public duties required by it. When an individual or a corporation is guilty of a breach of public duty, by misfeasance or nonfeasance, and the law has provided no other specific punishment for the breach, an indictment will lie. Perhaps also, in a suitable case, a process to revoke and annul the franchise might be maintained. But it is the less important to determine this question, because this charter is subject to the provision in the Rev. Sts. *c.* 44, § 23; by which it is competent for the legislature to make such alterations and amendments, as more effectually to carry into effect all the purposes of the act.

The court are of opinion that this act is not open to the objections made to it, and that it is not unconstitutional.

*Bill dismissed.*